In the Matter of JUSTINIAN G. CONNORS, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 11, 1988

### APPEARANCES OF COUNSEL

*Robert H. Straus (Diana Maxfield Kearse* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this court on March 22, 1967.

On August 10, 1987, the respondent pleaded guilty in the Superior Court of New Jersey, Monmouth County, to aggregated theft in the second degree (NJ Stat Annot § 2C:20-2 [b]). On October 16, 1987, the respondent was sentenced to seven

years' imprisonment and ordered to pay $131,500 in restitution.

The acts underlying the New Jersey conviction took place between March 1985 and February 1987. In determining if New York has a crime essentially similar to the New Jersey crime, we note that the pertinent sections of the New York Penal Law were amended effective November 1, 1986. The crime to which the respondent pleaded guilty in New Jersey requires a theft of $75,000 or more. The crime of grand larceny in the second degree, a class D felony, as defined in New York Penal Law former § 155.35 is essentially similar to the New Jersey crime, and applies to criminal acts which took place prior to November 1, 1986, the effective date of the amendment. This section requires the stealing of property the value of which exceeds $1,500. For crimes committed on or after November 1, 1986, New York Penal Law § 155.40 (1), grand larceny in the second degree, a class C felony is applicable. This section requires the stealing of property the value of which exceeds $50,000. Thus, the respondent was convicted of an equivalent of a New York felony, whether the law prior to November 1, 1986, or subsequent to November 1, 1986, is applied.

Pursuant to Judiciary Law § 90 (4), upon his conviction of a felony, the respondent ceased to be an attorney and counselor-at-law in this State.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and it is directed that his name be stricken from the roll of attorneys and counselors-at-law forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.